**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANJIT SINGH, | No. 07-71752 |
| Petitioner, | Agency No. A072-403-813 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Manjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008), and we review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).  We deny the petition for review.

Substantial evidence supports the agency's denial of asylum and withholding of removal based upon changed country conditions because the record reflects police target Sikhs suspected of militant links with decreasing frequency, and the political climate in India for Sikhs has improved.  *See Sowe*, 538 F.3d at 1286 (where an IJ "rationally construes an ambiguous or somewhat contradictory country report and provides an individualized analysis of how changed country conditions will affect the specific petitioner's situation, substantial evidence will support the agency's determination") (citation and internal quotation marks omitted).  Because Singh's well-founded fear of persecution was rebutted by the government, both his asylum and withholding of removal claims fail.  *See id*. at 1288.

Substantial evidence supports the agency's finding that Singh failed to show a likelihood of torture given the lack of any new evidence regarding continuing interest by the police, as well as the background country conditions evidence.  *See*

*El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004). Accordingly, we deny the petition as to Singh's CAT claim.

Finally, Singh's due process claim based upon the IJ's alleged bias fails, because he cannot show the proceedings were so fundamentally unfair that he was prevented from reasonably presenting his case. *See Colmenar*, 210 F.3d at 971.

**PETITION FOR REVIEW DENIED.**

07-71752